DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 10/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUSTIN BAEZ,

    Plaintiff,

    -against-

ANDREW SAUL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
------------------------------------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
15 Civ. 4464 (NSR)(LMS)

NELSON S. ROMÁN, United States District Judge

    Plaintiff Justin Baez ("Plaintiff" or "Baez") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for supplemental security income ("SSI"). The Commissioner determined Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). This case was referred to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 15). On August 21, 2019, MJ Smith issued an R & R recommending that the case be remanded to the agency for further proceeding.

    Now before the Court is MJ Smith's R & R, recommending that Defendant's motion be denied and that the case be remanded to the ALJ for further proceedings consistent with the R & R. The Parties had until October 7, 2019 to oppose the R & R but no opposition was filed. For

1

the following reasons, the Court reviews the R&R for clear error, finds no clear error, adopts the R&R in its entirety, and the case is REMANDED to the agency for further proceedings consistent with this opinion.

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff filed for disability benefits on September 9, 2013, alleging he was disabled as of January 20, 2013, the onset date. Plaintiff's claim was denied on December 5, 2013. Thereafter, Plaintiff requested a hearing before an administrative judge ("ALJ'). On August 12, 2014, Plaintiff appeared before ALJ Miriam L. Shire (ALJ Shire"), who conducted a hearing. On November 20, 2014, ALJ Shire issued a decision denying Plaintiff application for benefits. On January 14, 2015, Plaintiff filed an appeal, a request for review of ALJ's decision with the Social Security Administration's Appeal Council ("Appeal Council"). With his appeal, additional medical evidence was submitted to the Appeals Council. On April 6, 205, the Appeal's Counsel denied Plaintiff's application. Plaintiff commenced the instant action seeking to overturn the Social Security Administration's ("SSA") denial of benefits.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report

2

operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standard have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard*, 377 F.3d at 189 (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984)). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996)).

## **DISCUSSION**

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error.

An individual is deemed disabled under the Act if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. See *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (*quoting* 42 U.S.C. § 423(d)(1)(A)).

Under the SSA's regulations, claimants are permitted to submit additional evidence to the Appeals Council as long as the evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Amendments to 20 C.F.R. § 404.970, effective January 17, 2017, added a "good cause" requirement for claimants seeking to submit additional records to the Appeals Council. 20 C.F.R. § 404.970(b). "[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).

Evidence is "new" if it was not before the ALJ and is "not merely cumulative of what is already in the record." *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)). It is "material" if it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Id.* Materiality also requires "a reasoned possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Id.* "Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." *Hightower v. Colvin*, No. 12 Civ. 6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing *Brown v. Apfel*, 174 F.3d 59,

64-65 (2d Cir. 1999)). Moreover, the evidence "need not have been generated prior to the ALJ's decision to be material, so long as the evidence relates to the period prior to the ALJ's decision and reveals genuinely new information about the claimant's condition." *Marchetti v. Colvin*, No. 13 Civ. 2581 (KAM), 2014 WL 7359158, at *14 (E.D.N.Y. Dec. 24, 2014) (citing *Newbury v. Astrue*, 321 Fed. Appx. 16, 19 (2d Cir. 2009)).

Plaintiff contends that SSA's decision was not supported by substantial evidence. Notably, Plaintiff contends that relevant treatment records for Montfiore Medical Center were absent from the administrative record, the SSA was aware of the existence of the records, and the SSA should have been obtained the records for consideration by the ALJ. It is well settled that an ALJ hearing a disability benefits claim "has an affirmative duty to develop the administrative record (Perez v. Chater, 77 F.3d 41, 47 (2nd Cir. 1996)), which includes obtaining relevant records which are known to exist. See Boone v. Colvin, No. 12-CV-6456 (RWS), 2013 WL 4857046, at *4 (S.D.N.Y. Sept. 11, 20013). As MJ Smith held, the ALJ's failure to properly develop the record constitutes clear error. Although such records were made available to the Appeals Council during the appeal process, it does not diminish the fact that the ALJ's decision was nevertheless erroneous. See *Moss v. Colvin*, No. 13-CV-731(GHW)(MHD), 2014 WL 4631884, at *22 (S.D.N.Y. Sept. 16, 2014). Accordingly, consistent with the R & R, the matter is remanded for further consideration.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Defendant's Motion for Judgment on the Pleadings is DENIED and Plaintiff's motion is GRANTED to the extent of REMANDED to the case to the SSA for further proceedings

consistent with the R & R. The Clerk of the Court is respectfully requested to terminate the motions at ECF No. 26 and 32, and to terminate the action.

Dated: October 3, 2019                                            SO ORDERED
      White Plains, New York

                                                                            NELSON S. ROMÁN